IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOE V. PENA, § | |
|     Plaintiff, § | |
| v. § | CIVIL NO. |
| § | 3:15-CV-00139-RFC |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security § | |
| Administration, § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

## PROCEDURAL HISTORY

On May 27, 2010, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of September 8, 2009. (R:247-250) His applications were denied initially and denied upon reconsideration. (R:110-119) Plaintiff filed a request for a hearing, which was conducted on May 21, 2012. (R:32-58, 121-125) The Administrative Law Judge ("ALJ") issued a decision on August

22, 2012, denying benefits.  (R:61-81)  The Appeals Council ("AC") remanded that decision on December 2, 2013, and a second ALJ hearing was held on August 22, 2014.  (R:82-84, 8-31)  The ALJ issued another decision on December 12, 2014, denying benefits.  (R:86-109)  Subsequently, the AC denied review.  (R:3-7)

## **ISSUE**

Plaintiff presents the following issue for review:

1. Whether the ALJ failed to give Plaintiff's treating physicians' opinions the proper weight when determining Plaintiff's residual functional capacity ("RFC").  (Doc. 20:4)

Plaintiff contends that the ALJ failed to give the proper weight to Dr. Thomas Curtis and Dr. Daniel Capen, Plaintiff's treating physicians, when making the RFC determination.  (Doc. 20:4)  Specifically, Plaintiff maintains that the ALJ improperly accorded "very little weight" to Dr. Curtis and Dr. Capen without providing sufficient rationale.  (*Id*. at 8)  Plaintiff argues that medical evidence cannot be discredited without good cause, and that the ALJ cannot merely pick and choose evidence that supports her position.  (*Id*. at 9)  Plaintiff maintains that the ALJ failed to properly consider the entire record and that the RFC assessment is not supported by substantial evidence, resulting in an inaccurate RFC determination.  *Id*.  Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings.  *Id*.  Defendant responds that the ALJ properly weighed the treating sources' opinions, and that substantial evidence supports the ALJ's findings and conclusions.  (Doc. 21:3, 9)

**DISCUSSION**

*I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

*II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4)

whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

In the present case, the ALJ found that Plaintiff had severe impairments of: post-concussive syndrome; tinnitus; and, a depressive disorder, not otherwise specified, with anxiety (20 C.F.R. § 404.1520(c)). (R:92) The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. *Id*. Upon considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff can understand, remember, and carry out simple instructions; can maintain attention and concentration to perform only simple tasks for two hours at a time without requiring redirection to task; can have only occasional contact with the general public; can have only superficial interactions with co-workers and supervisors; requires work involving no more than occasional change in the routine work setting; cannot work in more than a moderately loud work environment; and, must avoid unprotected heights. (R:94) The ALJ next found that Plaintiff was unable to perform any past relevant work as a machinist. (R:101) After considering Plaintiff's RFC, age, education, and work experience, as well as the vocational expert's testimony, the ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform, such as a janitor, hand packager, stocker, assembler, electronics assembler, and a finish inspector. (R:102-103) Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R:103)

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Plaintiff contends that substantial evidence does not support the ALJ's determination that he retains the capacity to perform a full range of work at all exertional levels, because the ALJ failed to give proper consideration to the opinions of Dr. Curtis and Dr. Capen. (Doc. 20:8) Additionally, Plaintiff argues that had the ALJ properly weighed the treating doctors' opinions and treatment records, the ALJ would have likely found Plaintiff disabled. *Id.*

RFC is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529

In the instant case, Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Doc. 20:2-3)  Specifically, Plaintiff claims that the ALJ gave the opinion of Dr. Curtis very little weight solely on speculation that his opinion was not credible because he had a financial interest in the outcome of the case and was paid to testify. (Doc. 20:4) Plaintiff contends that the ALJ erred in discrediting Dr. Curtis' opinion by not giving it proper consideration. (Doc. 20:8)

The Commissioner responds by arguing that the ALJ properly considered the inconsistency of Dr. Curtis' opinion in relation to the record as a whole, which is a relevant factor for weighing treating sources' opinions, when determining the level of weight to accord. (Doc. 21:3)  Thus, the Commissioner asserts that the ALJ provided good cause for not giving controlling weight to the opinion of Dr. Curtis, as well as the opinion of Dr. Capen, because a detailed discussion of the medical evidence was provided. *Id.*

The treating physician rule provides that "[t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  An ALJ must always give *good* reasons in the notice of decision for the weight given to a treating physician's opinion. 20 C.F.R. 404.1527(c)(2) (emphasis added).  Moreover, when a decision is unfavorable to the plaintiff,

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be *sufficiently specific to make clear to any subsequent reviewers* the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight.

6

SSR 96-2p (emphasis added); *see also Staley v. Astrue*, No. 4:12-CV-00184, 2013 WL 2950057, at *4 & n.1 (E.D. Tex. June 13, 2013) (applying SSR 96-2p and holding that the ALJ's failure to explain the weight he gave to the treating physician's opinion constituted error).

The assertion by the ALJ that Dr. Curtis had a financial interest in the lawsuit and was paid to testify may well be true; nevertheless, without further clarification, it is not a good reason for giving little weight to Dr. Curtis' opinion in light of the record in this case. It is inappropriate for the ALJ to engage in this type of rationalization when there is no concrete basis for doing so. This is true because there is no evidence in the record to suggest that Dr. Curtis based his opinion on anything other than his best professional judgment. Any other conclusion is based on pure speculation. Nor does the ALJ provide any indication of how much weight was attributed to this improper reason in determining that Dr. Curtis' opinion should be given little weight, thus making it impossible to conclude that this error was harmless. The Court finds that the improper reason given by the ALJ for assigning little weight to Dr. Curtis' opinion was inappropriate and constitutes a violation of the requirements set forth in the regulations, thus resulting in legal error. When the ALJ fails to use the appropriate legal standard in assessing the opinion of a plaintiff's treating physician, the case must be remanded. *See Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000); *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); 42 U.S.C. § 405(g). While there may well be sufficient evidence in the record to establish good cause for giving Dr. Curtis' opinion little weight on remand, and the same outcome may result, the Court cannot excuse the existence of harmful error which exists at this time.

In light of this error, the Court reverses and remands this case for the ALJ to properly assess the opinion of Plaintiff's treating physician Dr. Curtis, in accordance with the appropriate legal

standards.  Because the Court remands on this particular basis,  the Court declines to address Plaintiff's other allegations of error.  On remand, Plaintiff can raise any remaining issues before the ALJ.  20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **REVERSED** and **REMANDED** consistent with this opinion.

**SIGNED** and **ENTERED** on June 29, 2016.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE